# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARLOW DION MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0405-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Marlow Dion May filed this case seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits and supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Valerie K. Couch, who recommended that the Commissioner's decision be affirmed. May filed an objection to the Report and Recommendation. Although plaintiff's objections are not particularly well-organized, it appears he argues that: (1) as to the step three analysis, he provided a proper citation to the listing impairment when he cited 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) the administrative law judge ("ALJ") erred when he seemed to rely on Vocational Experts ("VE") who did not testify; (3) the ALJ erred in failing to properly develop the record and failing to recontact a medical source; and (4) the ALJ's decision was not based upon substantial evidence.

Insofar as the objection to the ALJ's step-three analysis is concerned, plaintiff contends there was a proper citation to the impairment he claimed to have, but again provides

no "medical evidence to support a conclusion that his impairments me[]t or equal[ed] a listed impairment." Report & Recommendation [Doc. #13, p. 6]. Without such evidence, plaintiff's allegations are, as the ALJ and magistrate judge noted, "conclusory" and do not support his claim for benefits. Id.

Plaintiff also asserts the ALJ erroneously relied on VE testimony when no VE actually testified. Plaintiff did not raise the issue in his complaint and has hence waived any issue in that regard. *See* United States v. One Parcel of Real Property, 73 F.3d 1057, 1059, 60 (10th Cir. 1996).

Plaintiff reasserts his argument that the ALJ failed to adequately develop the record and failed to recontact plaintiff's medical source. While an ALJ does have a duty to develop an adequate record during a disability hearing, the claimant bears the burden of proving that disability. *See* Wall v. Astrue, 561 F.3d 1048, 1062-63 (10th Cir. 2009). As the magistrate judge noted, plaintiff had ample opportunity between the initial hearing and the supplemental hearing, as well as an additional thirty days thereafter, "to gather and submit any remaining records in question." Report & Recommendation [Doc. #13, p. 5].[1] Having failed to procure additional medical records, plaintiff cannot now complain the ALJ failed to develop the record. *See* Morris v. Apfel, 198 F.3d 258, 1999 WL 987357, at *3 (10th Cir. Nov. 1, 1999) (where the "ALJ provided claimant with ample opportunity to provide additional information

---

[1]*The record indicates that a consultative examination was conducted by a neurosurgeon between the initial hearing and the supplemental hearing, see AR 320-21, which the ALJ properly considered in reaching his decision. See* Madrid v. Barnhart, *447 F.3d 788, 791 (10th Cir. 2006) ("Where the medical evidence in the record is inconclusive . . . a consultative examination is often required for proper resolution of a disability claim.").*

2

the ALJ considered crucial to a proper regulatory analysis of whether claimant was engaged in substantial gainful activity," and "[a]fter claimant's failure to provide this information, he cannot now complain that the ALJ's analysis was faulty"). Moreover, while an ALJ must generally recontact a claimant's medical source for additional information when record evidence is inadequate to determine whether a claimant is disabled, *see* Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008), the current medical records (including the consultative exam), as the magistrate judge indicated, are clear and adequate and require no further evidence. Report & Recommendation [Doc. #13, p. 6].

Plaintiff's last objection is that, because the ALJ failed to develop an adequate record, the ALJ's decision is not supported by "substantial evidence." As noted above, plaintiff's objection to the development of the record is unpersuasive. However, to the extent that plaintiff's objection otherwise takes issue with the ALJ's step four and step five analysis, the court, for substantially the same reasons stated by the magistrate judge, concludes the ALJ did not improperly evaluate the evidence before him. Plaintiff's objections essentially reflect no more than a disagreement with the ALJ's evaluation and weighing of the evidence in arriving at his conclusions. However, subject to limitations not pertinent here, the determination of the weight to be given to the evidence in the record is the prerogative of the ALJ, not the court. *See* Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992) (It is not the court's function to "reweigh the evidence or substitute its judgment for that of the agency.").

The court, having reviewed the record *de novo* and considered plaintiff's arguments,

agrees with the magistrate judge's analysis and **ADOPTS** her Report and Recommendation.

The Commissioner's decision is **AFFIRMED**.

    **IT IS SO ORDERED**.

Dated this 3rd day of June, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE